IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Criminal Case No. 15-cr-00319-PAB-2

UNITED STATES OF AMERICA,

    Plaintiff,

v.

2. SOPHIA MIETZ,

    Defendant.
_____

**ORDER**
_____

This matter comes before the Court on the letters filed by defendant Sophia Mietz [Docket Nos. 106, 107, 108] wherein Ms. Mietz requests that the Court amend the judgment to run the federal sentence concurrently with her state sentence. Specifically, she asks that the Court file a "561.3." The Court does not understand the reference to "561.3."

The judgment in this case was silent as to whether Mr. Mietz' sentence should be consecutive or concurrent to any future state sentence. See Docket No. 100. As a result, the sentence is to run consecutive. As noted in *United States v. Foy*, 672 F. App'x 784, 786 (10th Cir. Nov. 25, 2016) (unpublished), "[b]ecause the original judgment did not affirmatively order that Foy's federal and state sentences run concurrently, the federal sentence is consecutive to his state sentence under the terms of [18 U.S.C.] § 3584(a). It is irrelevant that the state sentence had not yet been imposed at the time Foy was sentenced by the district court. *United States v. Williams*,

46 F.3d 57, 59 (10th Cir. 1995) (holding § 3584(a) does not prohibit 'a district court from ordering that a federal sentence be served consecutively to a state sentence that has not yet been imposed')."

As previously noted, pursuant to 18 U.S.C. § 3582(c), the district court loses jurisdiction over a case after sentencing and the Bureau of Prisons, not the district judge, determines whether the defendant should receive credit for time spent in custody. *See* Docket No. 105. Although the Bureau of Prisons suggested that defendant file a request to amend the sentence, Ms. Mietz cites no authority enabling the Court to amend the sentence at this point.

Wherefore, Ms. Mietz' letters, Docket Nos. 106, 107, and 108, construed as motions to amend the judgment to run her federal sentence concurrent to her state sentence, are denied.

DATED February 28, 2018.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge